IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

MICHAEL EDENFIELD, DDS, )
and MICHAEL EDENFIELD, P.C., )
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiffs, )
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
v. ) Case No. 3:06-cv-00298
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　) Phillips/Shirley
DAN LOVELY, DDS, )
and MARY STEELE LOVELY, )
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　)
　　　Defendants. )

**MEMORANDUM AND ORDER**

In this matter, plaintiffs filed suit related to a dispute over leased dental equipment and office space. The defendants have filed a motion to dismiss [Doc. 2] asserting two grounds to warrant partial dismissal of the plaintiffs' cause of action. The plaintiffs have filed a response in opposition [Doc. 8] to defendants' dispositive motion, and the defendants have replied [Doc. 9]. For the reasons that follow, defendants' motion to dismiss [Doc. 9] is **GRANTED in part,** and **DENIED in part**.

**I.　　Facts**

As the law requires, all disputed facts and inferences are resolved most favorably to the plaintiffs. Furthermore, the Court merely provides an abridged summary of facts for the purposes of this opinion.

1

Defendant Dan Lovely is the owner of dental equipment located at 726 East Lamar Alexander Parkway, Maryville, Tennessee, and defendant Mary Lovely is the owner of real property located at 726 East Lamar Alexander Parkway, Maryville, Tennessee. Plaintiffs, Michael Edenfield, DDS, and Michael Edenfield, P.C., entered into a written contractual agreement with Dan Lovely to lease the said dental equipment and office space. Plaintiffs assert that Dan Lovely also entered into the lease agreement on behalf of his wife, Mary Lovely, as her agent.

The lease agreement commenced on October 1, 2004. Pursuant to the lease agreement, plaintiffs voluntarily gave sixty (60) days notice to Dan Lovely that plaintiffs would vacate the premises at the end of March 2006. Defendant Dave Lovely accepted plaintiffs' notice and offered to terminate the lease agreement effective at the end of March 2006. Subsequently, a dispute regarding the dental equipment arose between the parties, and, before the agreed upon time to vacate the premises, Dan Lovely caused the locks on the leased real property to be changed. Plaintiffs filed a complaint with this Court asserting wrongful deprivation of the use of leased property and dental equipment, breach of contract, breach of duty of good faith and fair dealing, detrimental reliance, tortious interference with business relations, and intentional interference with contract. Defendants filed their answer and a counter-claim. The counter-complaint pertains to damage of the dental equipment and premises allegedly caused by plaintiffs.

Defendants filed their motion for partial dismissal based upon two theories. First, the defendants assert that allegations contained in ¶¶ 62-69 of plaintiffs' complaint

2

regarding a claim for intentional interference with contract in violation of T.C.A. §47-50-109 should be dismissed. Defendants argue that since a party to the contract cannot be liable under T.C.A. §47-50-109 and since the contract in question was between the plaintiffs and defendants, it is clear that the defendants, themselves, cannot be liable. Second, defendants assert that since Mary Lovely was not a party to the written lease agreement, the alleged breach would have been committed only by Dan Lovely and not Mary Lovely.[1] Therefore, defendants assert that all claims against Mary Lovely should be dismissed.

## II. Standard of Review

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires a court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of claims that would entitle him or her to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990) *cert. denied,* 498 U.S. 867 (1990). A court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). A court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy*

---

[1] Defense's theory of the matter is that Dan Lovely subleased the premises to plaintiffs and that Mary Lovely was not involved.

*Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### III. Motion to Dismiss and Applicable Law

Plaintiffs concede that the claim related to intentional interference with contract should be dismissed based upon the fact that Dan Lovely was a party to the contract vis-a-vis his equipment. *See also Purisch v. Tennessee Technological University*, 76 F.3d 1414, 1420 (6th Cir. 1996). Therefore, defendants' motion to dismiss ¶¶ 62-69 of the plaintiffs' complaint is **GRANTED**.[2]

However, plaintiffs argues that the claim against Mary Lovely is valid. Specifically, plaintiffs articulate in the complaint that Dan Lovely entered into the written lease agreement on behalf of his wife, Mary Lovely; that Dan Lovely was an agent of Mary Lovely; that Dan Lovely acted with apparent authority as the agent for Mary Lovely; and that Mary Lovely, as principal, is liable for the acts of Dan Lovely with respect to her real property located at 726 East Lamar Alexander Parkway, Maryville, Tennessee.

Defendants' motion for dismissal of plaintiffs' claims against Mary Lovely is

---

[2]In defendants' reply, the defense asserts certain reductions in the damage calculation. Although some reductions in damages may naturally flow from the elimination of the claim, the Court declines to comment or make findings as to plaintiffs' damages for purposes of this opinion.

premature. At this time, the Court will allow the plaintiffs to proceed on this issue. While viewing the complaint in the light most favorable to the plaintiffs, the Court finds plaintiffs should be allowed the opportunity to demonstrate that Dan Lovely had authority, either authorized or apparent, to act on behalf of Mary Lovely and/or that Mary Lovely is liable as the principle. Thus, defendants' motion to dismiss as related to plaintiffs' claim against Mary Lovely is **DENIED**.

### IV. <u>CONCLUSION</u>

For the reasons hereinabove set forth, defendants' motion to dismiss [Doc. 2] is **GRANTED in part,** and **DENIED in part**.

**IT IS SO ORDERED.**

           **ENTER:**

           s/Thomas W. Phillips
           UNITED STATES DISTRICT JUDGE